IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GLAXOSMITHKLINE LLC (f/k/a SMITHKLINE BEECHAM CORPORATION), | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. ____________ |
| APOTEX INC., | ) | |
| Defendant. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff GlaxoSmithKline LLC (formerly known as SmithKline Beecham Corporation) ("Plaintiff" or "GSK"), for its Complaint against Defendant Apotex Inc. ("Apotex" or "Defendant"), upon personal knowledge as to its own actions and upon information and belief as to the actions of others, hereby alleges as follows:

**NATURE OF ACTION**

1. This is an action for patent infringement of U.S. Patent No. 5,565,467 (the "'467 Patent") arising under the patent laws of the United States, Title 35, United States Code, 35 U.S.C. §§ 271 and 281.

2. This action relates to Abbreviated New Drug Application ("ANDA") No. 204292 filed by Apotex with the U.S. Food and Drug Administration ("FDA") for approval to market 0.5 mg dutasteride capsules, a proposed generic version of GSK's AVODART® drug product.

**PARTIES**

3. Plaintiff GSK is a Delaware limited liability company having a principal place of business at One Franklin Plaza, Philadelphia, PA 19102. GSK is a research-based pharmaceutical company.

4. Upon information and belief, Defendant Apotex is a corporation organized under the laws of Canada, having a principal place of business at 150 Signet Drive, Toronto, Ontario M9L 1T9, Canada. Upon information and belief, Apotex develops and manufactures generic pharmaceutical products throughout the United States, including in this judicial district.

5. Upon information and belief, following any FDA approval of ANDA No. 204292, Apotex will make, use, offer to sell, and/or sell the generic products that are the subject of ANDA No. 204292 throughout the United States, and/or import such generic products into the United States.

**JURISDICTION AND VENUE**

6. This action arises under the patent laws of the United States of America, 35 U.S.C. §§ 100, et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

7. This Court has personal jurisdiction over Apotex because, *inter alia*, it has committed, or aided, abetted, actively induced, contributed to, or participated in the commission of a tortious act of patent infringement in filing ANDA No. 204292 that has led to foreseeable harm and injury to GSK, a Delaware corporation.

8. This Court has personal jurisdiction over Apotex because, *inter alia*, Apotex has purposely availed itself of the rights and benefits of the laws of Delaware by

engaging in systematic and continuous contacts with Delaware such that it should reasonably anticipate being hauled into court here. On information and belief, Apotex has persistent, systematic and continuous contacts with Delaware.

9. Upon information and belief, Apotex regularly and continuously transacts business within the State of Delaware, including by selling pharmaceutical products in Delaware. Upon information and belief, Apotex derives substantial revenue from Delaware drug sales and has availed itself of the privilege of conducting business within the State of Delaware.

10. Upon information and belief, Apotex will manufacture, market, and/or sell within the United States the generic 0.5 mg dutasteride capsules described in Apotex's ANDA No. 204292 if FDA approval is granted. If ANDA No. 204292 is approved, the generic 0.5 mg dutasteride capsules charged with infringing the '467 Patent, would, among other things, be marketed and distributed in Delaware, prescribed by physicians practicing in Delaware, and dispensed by pharmacies located within Delaware, and/or used by person in Delaware, all of which would have a substantial effect on Delaware.

11. In addition, upon information and belief, Apotex has previously availed itself of this forum for the purpose of litigating patent disputes. For example, on October 3, 2011, Apotex filed a counterclaim seeking a declaratory judgment of noninfringement and invalidity in *Pfizer Inc. v. Apotex Inc.*, No. 11-606-GMS (D. Del.). Apotex has also availed itself of this forum for the purposes of litigating business disputes, and on February 16, 2012, filed suit in *Apotex, Inc. v. Senju Pharmaceutical Co. et al.*, No. 12-196-SLR (D. Del.).

## AVODART®

12. GSK holds approved New Drug Application ("NDA") No. 21-319 for AVODART®, the active ingredient of which is dutasteride. AVODART® was approved by the

FDA on November 20, 2001. AVODART® capsules are used for the treatment of symptomatic benign prostatic hyperplasia ("BPH")—essentially, enlargement of the prostate gland.

13. Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the '467 Patent is listed in the FDA publication "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") with respect to AVODART®.

## THE '467 PATENT

14. GSK is the owner of the '467 Patent, entitled "Androstenone Derivative," which was duly and legally issued on October 15, 1996. A true and complete copy of the '467 Patent is attached hereto as **Exhibit A**.

15. The '467 Patent, *inter alia*, claims the compound dutasteride and various formulations useful in treating BPH and other androgen-responsive conditions.

16. GSK is the owner of the entire right, title and interest in the '467 Patent and possesses the right to sue for infringement of the '467 Patent.

## INFRINGEMENT BY APOTEX

17. By letter dated July 18, 2012 ("the Apotex Notice Letter"), Apotex notified GSK that it had submitted ANDA No. 204292 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), seeking approval to engage in the commercial manufacture, use, and sale of generic 0.5 mg dutasteride capsules before the expiration of the '467 Patent. Upon information and belief, Apotex intends to engage in commercial manufacture, use, and sale of generic 0.5 mg dutasteride capsules promptly upon receiving FDA approval to do so.

18. By filing ANDA No. 204292, Apotex has necessarily represented to the FDA that the components of its proposed generic 0.5 mg dutasteride capsules have the same

active ingredients as those of the corresponding components of AVODART®, have the same route of administration, dosage form, and strengths as the corresponding components of AVODART®, and are bioequivalent to the corresponding components of AVODART®.

19. In the Apotex Notice Letter, Apotex notified GSK that its ANDA contained a "Paragraph IV certification" asserting that, in Apotex's opinion, certain claims of the '467 Patent are invalid, unenforceable and/or will not be infringed by the commercial manufacture, use or sale of Apotex's proposed generic 0.5 mg dutasteride capsules.

20. Apotex has committed an act of infringement pursuant to 35 U.S.C. § 271(e)(2) by filing ANDA No. 204292 under 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use and/or sale of generic dutasteride capsules before the expiration of the '467 Patent.

21. The commercial manufacture, use, offer for sale, sale and/or importation of the proposed generic dutasteride capsules for which Apotex seeks approval in its ANDA will infringe one or more claims of the '467 Patent.

22. The sale or offer for sale of the proposed generic dutasteride capsules for which Apotex seeks approval in its ANDA will actively induce infringement and/or contributorily infringe one or more claims of the '467 Patent.

23. GSK is entitled under 35 U.S.C. § 271(e)(4) to full relief from Apotex's acts of infringement, including an Order by this Court ensuring that the effective date of any approval of ANDA No. 204292 relating to Apotex's proposed generic dutasteride capsules shall not be earlier than the expiration of the '467 Patent.

## COUNT ONE: INFRINGEMENT OF THE '467 PATENT

24. GSK hereby realleges and incorporates by reference the allegations of paragraphs 1-23 of this Complaint.

25. Apotex's submission of ANDA No. 204292 to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic dutasteride capsules before the expiration of the '467 Patent constitutes infringement of one or more of the claims of the '467 Patent under 35 U.S.C. § 271(e)(2)(A).

26. Upon FDA approval of ANDA No. 204292, Apotex will further infringe the '467 Patent by making, using, offering to sell, and selling generic dutasteride capsules in the United States and/or importing such tablets into the United States, and by actively inducing and/or contributing to infringement by others, in violation of 35 U.S.C. § 271(a)-(c), unless enjoined by the Court.

27. Upon information and belief, by selling and offering for sale its proposed generic dutasteride capsules, Apotex will actively encourage and/or instruct others on how to use its proposed generic dutasteride capsules in a way that infringes at least one claim of the '467 Patent. Upon information and belief, Apotex knows, will know, or should know, that its encouragement and/or instructions will result in infringement of at least one claim of the '467 Patent.

28. Upon information and belief, Apotex had actual and constructive knowledge of the '467 Patent prior to filing ANDA No. 204292 and was aware that filing of the aforementioned ANDA with the FDA constituted an act of infringement of the '467 Patent.

29. If Apotex's infringement of the '467 Patent is not enjoined, GSK will suffer substantial and irreparable harm for which there is no remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that Apotex has infringed the '467 Patent;

B. An order restraining and enjoining Apotex, its officers, agents, attorneys and employees, and those acting in privity or concert with Apotex, from engaging in the commercial manufacture, use, offer to sell or sale within the United States, or importation into the United States, of generic dutasteride capsules, until after the latest expiration date of the '467 Patent, including any extensions and/or additional periods of exclusivity to which GSK is or becomes entitled;

C. An order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any approval of the aforementioned ANDA No. 204292 for Apotex's proposed generic dutasteride capsules shall not be earlier than the expiration dates of the '467 Patent;

D. Damages or other monetary relief to GSK if Apotex engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of generic dutasteride capsules before the latest expiration date of the '467 Patent, including any extensions and/or additional periods of exclusivity to which GSK is or becomes entitled;

E. Costs and reasonable attorneys' fees of this action pursuant to 35 U.S.C. §§ 271(e)(4) and 285; and

F. Other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ [signature]

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
dfahnestock@mnat.com

*Attorneys for Plaintiff GlaxoSmithKline LLC (f/k/a SmithKline Beecham Corporation)*

OF COUNSEL:

William F. Lee
Lisa J. Pirozzolo
WILMERHALE LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Christopher R. Noyes
WILMERHALE LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

August 31, 2012